

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00329-CV

_____

CLARISSA ROMAN ACOSTA, Appellant

V.

CITY OF CORINTH, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2024-00382

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Clarissa Roman Acosta attempts to appeal the trial court's April 21, 2025 order of dismissal. We conclude that we lack jurisdiction and dismiss the appeal.

Generally, a notice of appeal must be filed within 30 days after a judgment is signed. Tex. R. App. P. 26.1. But the filing of certain postjudgment motions, including a timely motion to reinstate, will extend the deadline to ninety days after the judgment is signed. *See* Tex. R. App. 26.1(a). Texas Rule of Civil Procedure 165a(3) requires that a motion to reinstate "be filed with the clerk within 30 days after the order of dismissal is signed." Tex. R. Civ. P. 165a(3); *see McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990).

Here, Acosta filed her reinstatement motion on May 23, 2025, beyond her 30-day deadline. "[T]he time limits in Rule 165a are mandatory and jurisdictional." *Cummings v. Billman*, 634 S.W.3d 163, 168 (Tex. App.—Fort Worth 2021, no pet.) (quoting *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding)). Acosta's notice of appeal was thus due by May 21, 2025. *See* Tex. R. App. P. 26.1. Because she did not file the notice until May 20, 2026, her appeal is untimely.

We called this issue to Acosta's attention, and we gave her ten days to show grounds for continuing her appeal. *See* Tex. R. App. P. 44.3. Over a month has passed, and Acosta has not responded.[1]

---

[1] Appellee City of Corinth filed a response and urged dismissal based on Acosta's untimely notice of appeal.

Because Acosta's notice of appeal was untimely, we lack jurisdiction over this appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We thus dismiss it for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  July 2, 2026